IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NDOKEY ENOW, #435845, #1990859          *

Petitioner                              *

v.                                      *       Civil Action No. PWG-17-1912

JOHN WOLFE, WARDEN and                  *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND                       *

Respondents                             *
                                       ***

# MEMORANDUM OPINION

Ndokey Enow[1] challenges his 2015 guilty plea and conviction for solicitation to commit first degree murder in this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, which he later supplemented. Pet., ECF No. 1; Supp., ECF No. 3. Respondents filed an Answer

---

[1] Enow has filed serial unsuccessful actions in this Court relating to his conditions of confinement awaiting trial at Montgomery County Correctional Facility ("MCCF"), and (following his conviction for solicitation to commit first degree murder) while confined by the State of Maryland. Enow is presently incarcerated at Eastern Correctional Institution ("ECI") in Westover, Maryland. His multiple case filings, which impose a significant burden on both the Clerk's office and the Court, have earned him three strikes under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Consequently, he is barred from filing non-habeas civil actions unless he pays the filing fee or demonstrates that he is in imminent danger of serious physical injury. *See Enow v. Feinstein*, No. PWG-15-3348 (assigning Enow a third "strike" under 28 U.S.C. § 1915(g)). Undeterred by the application of the PLRA, he since has filed seven civil lawsuits, and only a small subset of the claims he has alleged have been found sufficient to proceed under the standard set forth under § 1915(g). *See Enow v. Baucom*, No. PWG-16-3553 (D. Md.); *Enow v. Green*, No. PWG-16-3554(D. Md.); *Enow v. Green,* No. PWG-17-3917 (D. Md.); *Enow v. Dovey*, No. PWG- 16-615 (D. Md.); *Enow v. Baucom*, No. PWG-16-4042 (D. Md.); *Enow v. Wolfe*, No. PWG-17-341 (D. Md.); *Enow v. Foxwell,* No. PWG-17-850 (D. Md.). He has yet to prevail on any claim. Enow's history of burdensome and abusive filings prompted this Court on November 27, 2017, to impose certain limits on his filings in all his current and future civil, non-habeas cases. Order, ECF No. 38 in *Baucom,* PWG-16-4042. A chart listing Enow's filings and their dispositions is attached. This habeas petition falls outside the auspices of § 1915(g). Enow previously filed habeas petitions in *Enow v. Green*, No. PWG-16-848 and more recently in *Enow v. Wolfe,* No. PWG-17-50.

to the Petition seeking denial of the Petition. ECF No. 7. Before the Court imposed limitations on the length of Enow's filings, as discussed in note 1, Enow filed a 44 page handwritten Reply, ECF No. 11, along with 119 pages of exhibits.[2] The case is briefed and ready for adjudication. After careful review, I deem a hearing unnecessary to resolve the issues. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*; and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)).

## BACKGROUND

### Plea and Sentencing Hearings[3]

On January 9, 2015, Enow pleaded guilty before the Honorable Steven G. Salant in the Circuit Court for Montgomery County, Maryland, to one count of solicitation to commit first degree murder. *State v. Enow*, Case No. 125462C (Cir. Ct. Montgomery Cty.). He pleaded guilty after swearing under oath that he understood the nature of the charge to which he was pleading guilty, his sentencing exposure, and the rights he was waiving by pleading guilty. He swore in open court that he was in fact guilty of solicitation to commit first degree murder, was pleading guilty without threats of coercion, and was freely and voluntarily entering his plea. Plea Hr'g Tr., ECF No. 6-2 in *Enow Habeas I*.

---

[2] On May 29, 2018, Enow filed a Motion for Supplemental Evidence (ECF No. 15), asking me to consider in this case his medical and mental health records filed as Exhibit 6, ECF No. 32-8, at 1-23, in *Enow v. Foxwell*, No. PWG-17-2312. I have reviewed these records, and will grant the Motion. I note, however, that the records pertain to Enow's medical evaluations in 2017, long after the underlying criminal offense was committed and he entered guilty plea. As such, they have little relevance to the matters under consideration here.

[3] As noted, this is Enow's third habeas Petition filed in this Court. Enow's earlier Petitions were dismissed without prejudice for lack of exhaustion of claims. *Enow v. Green*, No. PWG-16-848 ("*Enow Habeas I*"); *Enow v. Wolfe*, No. PWG-17-50 ("*Enow Habeas II*"). This Memorandum Opinion incorporates by reference the exhibits filed in Enow's earlier cases. Unless otherwise stated, citations are to the record in this case.

Specifically, the prosecutor informed the Court during the plea hearing that Enow and the State had agreed to propose a binding "sentence of 40 years to include 20 years of executed incarceration and 20 years suspended." Plea Hr'g Tr. 3-4, 6, 11; State Ct. Docs. 29-30, ECF No. 9-3 in *Enow Habeas I*.[4] The prosecutor explained the sentence in the plea agreement was two years above the guidelines, and offered to discuss the criteria set for in the sentencing guidelines manual. Plea Hr'g Tr. 4.

During the lengthy plea colloquy, Enow informed the Court that he holds a doctorate of science in cybersecurity. *Id.* at 7. Enow told the Court that he had been considering pleading guilty for about seven months, had read the charging document, and had a full opportunity to discuss this charge with his attorney. *Id.* at 10. Enow acknowledged he understood that he was waiving his right to trial by entering the plea. *Id.* at 12-18. Enow told the Court that he suffers from depression, but stated that his condition is effectively managed with medication. *Id.* at 8-9. Enow informed the Court that he understood his plea and the plea proceedings. *Id.* He indicated that his medication did not impede his understanding or ability to make informed choices. *Id.*

The Court stated the maximum sentence for the offenses charged was life imprisonment. Reply, ECF No. 6 in *Enow Habeas I*; State Ct. Docs. 27, ECF No. 1-2 in *Enow Habeas II*. Enow told the Court that he was satisfied with his attorney's legal representation. State Ct. Docs. 27, ECF No. 1-2 in *Enow Habeas II*. Enow represented to the Court that his attorney had reviewed with him the elements of solicitation to commit first degree murder. Plea Hr'g Tr. 10. The State read aloud the elements of the offense in open court. *Id.* at 19. Enow confirmed he was pleading guilty to solicitation to commit first degree murder because he was guilty of the offense. *Id.* at

---

[4] Pagination refers to the electronic record.

18. The Court accepted Enow's guilty plea to solicitation to commit first degree murder as entered freely and voluntarily, and because he was, in fact, guilty of the offense. *Id.* at 18, 28.

The State proffered that had the case gone to trial, the evidence presented would have shown that on June 3, 2014, an informant told the police that Enow had offered to pay the informant to kill Enow's ex-wife, Glory, in Montgomery County, Maryland. *Id*. at 19. The police then arranged a meeting between Enow and an undercover officer, who posed as a hitman for hire.

On June 6, 2016, Enow offered the undercover police officer $1,000 to kill Glory. That meeting was recorded on audio and video equipment. Enow and the undercover officer then drove to the victim's neighborhood to survey the area. Enow gave the undercover officer a $300 deposit and photographs of Glory to identify her. After arrest, Enow agreed to talk to the police and admitted that he had solicited his wife's murder. *Id*. at 19-23.

On February 27, 2017, Judge Salant sentenced Enow pursuant to the plea agreement to forty years of incarceration with all but twenty years suspended, and five years of supervised release. Per the plea agreement, the State entered a *nolle prosequi* to the remaining count against Enow.[5] State Ct. Docs. 60, ECF No. 1-2 in *Enow Habeas II*; State Ct. Docket 7, ECF No. 8-1 in *Enow Habeas II*; State Ct. Docs. 29, ECF No. 9-3 in *Enow Habeas I*.[6]

---

[5] Enow also was charged with one count of solicitation of first degree assault. State Ct. Docket 1, ECF No. 8-1 in *Enow Habeas II*.

[6] A victim impact statement was submitted to the Court prior to sentencing. *Enow Habeas I* Victim Stmt., ECF No. 6-15. The statement indicates that Enow had a history of violence against the victim and other women*. Id.*

Post-Plea Proceedings

On March 23, 2015, Enow filed an Application for Leave to Appeal his guilty plea in which he argued that his counsel[7] provided ineffective assistance and his plea was not knowing and voluntary. ECF No. 7-1. The Court of Special Appeals of Maryland summarily denied the Application for Leave to Appeal by unreported opinion filed on August 12, 2015. State Ct. Docs. 1–2, ECF No. 9-3 in *Enow Habeas I*; State Ct. Docket 8. Enow did not pursue appellate review further.

Enow initiated state post-conviction proceedings on July 23, 2015. The post-conviction proceedings were held in abeyance pending a determination on Enow's Application for Leave to Appeal. State Ct. Docket 11-12. Following the denial of Enow's Application for Leave to Appeal, the Circuit Court for Montgomery County held a hearing on his Petition for Post-Conviction Relief on October 19, 2016. *Id.* at 20. Enow claimed that his guilty plea was not voluntarily entered, he was illegally entrapped, the police committed a wiretap violation, and he received ineffective assistance of plea counsel. State Ct. Docs. 2, ECF No. 1-2 in *Enow Habeas II*. On December 28, 2016, the Circuit Court denied post-conviction relief. *Id.* at 5; State Ct. Docket 21.

On January 13, 2017, Enow filed an Application for Leave to Appeal the denial of his Petition for Post-Conviction Relief. ECF No. 7-2. Enow raised the following claims: (1) he was subjected to an illegal wiretap; (2) his guilty plea was not knowing and voluntary; and (3) his counsel provided ineffective assistance. *Id.* On June 23, 2017, the Court of Special Appeals summarily denied Enow's Application, and the mandate issued on July 31, 2017. *See* Denial of

---

[7] Enow was represented by the law firm of Howard Cheris and Philip Armstrong. Pet. 13; State Ct. Docket 4, 7; Plea Hr'g Tr. 3.

Appl. for Leave to Appeal 1-2, ECF No 1-1; Mandate, ECF No. 11-1. Respondents do not dispute that Enow has exhausted his claims per 18 U.S.C. § 2254(b)(1)(A). Resps.' Answer 13.

## CLAIMS PRESENTED

Enow raises the following claims in this Petition: (1) the indictment was based on "false evidence" and unlawful wiretapping; (2) his guilty plea was not entered voluntarily and knowingly; and (3) he was provided ineffective assistance of counsel.[8]

## STANDARD OF REVIEW

The federal habeas statute, 28 U.S.C. § 2254, as amended, sets forth a "highly deferential standard for evaluating state-court rulings." *Lindh v. Murphy,* 521 U.S. 320, 333 n.7 (1997); *see also Bell v. Cone*, 543 U.S. 447, 455 (2005). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("If this standard is difficult to meet, that is because it was meant to be.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question

---

[8] Enow's prolix and repetitive style conflates and repeats his allegations in a confusing manner. I have gleaned these claims after review of Enow's thirty-page Petition (which consists of two similar fifteen-page petitions, one signed June 27, 2017 and one signed June 30, 2017, *see* Pet. 1–15, 16–30) and a thirty-one page handwritten Supplement. Insofar as Enow lists other grounds for relief, he does not support those claims with any argument whatsoever, and I will not consider them.

of law," or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor,* 529 U.S. 362, 405 (2000). Under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). A federal habeas court may not issue the writ simply because it concludes that the relevant state-court decision applied established federal law incorrectly. *Renico v. Lett*, 559 U.S. 766, 767 (2010) (citing *Williams*, 529 U.S. at 411). Rather, that application must be "objectively unreasonable." *Williams*, 529 U.S. at 411. Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 101 (quoting *Williams*, 529 U.S. at 410).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if 'reasonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Id.* (quoting *Williams*, 529 U.S. at 410).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for

7

purposes of Section 2254(e)(1)." *Id.* at 379 (quoting 28 U.S.C. § 2254(e)(1)). Enow's claims will be examined in the context of this analytical framework.

## DISCUSSION

<u>Whether the Plea was Unknowing and Involuntary</u>

A guilty plea must be the informed and intelligent decision of the defendant. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). The Constitution imposes "the minimum requirement that the plea be the voluntary expression of the defendant's own choice." *United States v. Moussaoui*, 591 F.3d 263, 278 (4th Cir. 2010). "A guilty plea operates as a waiver of important rights and is valid only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A plea is invalid if a defendant pleads guilty without being informed of the elements of the crime at some point. *Id.* (citing *Henderson v. Morgan*, 426 U.S. 637, 646 (1976)).

A defendant's own sworn statements during a plea colloquy "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "Absent clear and convincing evidence to the contrary, [a petitioner] is bound by the representations he made during the plea colloquy." *Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001); *see also United States v. Lemaster*, 403 F.3d 216, 220–23 (4th Cir. 2005).

The plea transcript makes clear the voluntary and knowing nature of the plea. As noted, Enow told the Court at his plea hearing that he had been contemplating entering a plea for seven months. Based on the transcript, psychological evaluations submitted by Petitioner at the post conviction hearing, and other evidence, the Circuit Court rejected Enow's Post-Conviction Petition, finding that he failed to demonstrate mental illness which would have a negative effect

on Petitioner's ability to understand his plea proceedings. The Post-Conviction Court concluded that, to "the contrary, during the course of the guilty plea proceeding, Enow assured the plea court that he understood the proceedings" and found that "Enow did not suffer from any mental illness at the time of the plea that would have impacted his ability to understand the proceedings against him." State Ct. Docs. 4, ECF No. 1-2 in *Enow Habeas II*.

The Post-Conviction Court concluded that Enow's recollection of events, as expressed in his filings and during the post-conviction hearing, were inconsistent with the record and not credible. State Ct. Docs. 5, ECF No. 1-2 in *Enow Habeas II*. The Post-Conviction Court assigned them no weight. *Id*. The Post-Conviction Court credited affidavits from plea counsel Philip Armstrong and Howard Cheris, finding the information in the affidavits correct. The Post-Conviction Court also rejected Enow's claims that he was coerced into pleading guilty. It found it that "at no time during any of the proceedings did Judge Salant nor anyone else threaten the Petitioner to enter a plea of guilty." *Id.*

The Post-Conviction Court's determination is fully supported in the record and does not constitute an unreasonable application of clearly established federal law or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court determination is entitled to deference and will not be disturbed. This claim will be denied because it provides no grounds for federal habeas relief.

<u>Whether the Indictment was Based on an Illegal Wiretap and "False Evidence"</u>

Enow claims that his Fourth Amendment rights were violated when his June 6, 2014 meeting with the undercover police officer was recorded without probable cause or a warrant. Pet. 8; Supp. 4. He claims the recordings constituted "false evidence" against him. *Id*. at 6.

9

Respondents assert this claim is not cognizable in a § 2254 habeas proceeding under *Stone v. Powell*, 428 U.S. 465, 482 (1976), which held that a federal habeas court may not grant relief on a Fourth Amendment claim that evidence obtained in an unconstitutional search or seizure was introduced at trial if "the State has provided an opportunity for full and fair litigation" of the claim. Although *Stone* did not define the phrase "full and fair opportunity to litigate," in the Fourth Circuit:

> a district court, when faced with allegations presenting Fourth Amendment claims, should, under the rule in *Stone v. Powell, supra*, first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then existing state practice. This may be determined, at least in this Circuit, from the relevant state statutes, the applicable state court decisions, and from judicial notice of state practice by the district court. Second, ... when the district court has made the 'opportunity' inquiry, it need not inquire further into the merits of the petitioner's case, when applying *Stone v. Powell, supra*, unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired.

*Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978); *see also Mueller v. Angelone*, 181 F.3d 557, 570 n.8 (4th Cir. 1999) (noting continued application of *Stone* post-AEDPA); *Grimsley v. Dodson*, 696 F.2d 303, 304 (4th Cir. 1982) ("*Stone v. Powell* marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims by way of habeas corpus petitions where the petitioner had an opportunity to litigate those claims in state court.").

Enow was given a full and fair chance to litigate this claim in state court. During an extensive plea colloquy, Judge Salant explained that by pleading guilty, Enow was giving up his rights to a trial. Plea Hr'g Tr. 14, ECF No. 6-2 in *Enow Habeas I*. When the Judge asked whether he understood the rights he would be waiving by pleading guilty, Enow answered that he understood. *Id.*


Enow could have litigated his Fourth Amendment claim prior to entering his guilty plea. However, Enow waived his right to challenge the recording of his conversation and resulting arrest because his guilty plea acted as a waiver of the evidence against him. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *see also Parker v. Ross*, 470 F.2d 1092, 1093 (4th Cir. 1972) (stating a guilty plea constitutes a waiver of all non-jurisdictional defects).

Enow waived his right to litigate this issue by pleading guilty, and received the benefits of his agreed upon bargain, including the agreed upon term of incarceration and dismissal of the remaining claim. Federal habeas review of his Fourth Amendment claim is barred by *Stone v. Powell*, and this claim provides no grounds for habeas relief.[9]

<u>Whether Enow Received Ineffective Assistance of Counsel</u>

To establish a Sixth Amendment claim of ineffective assistance, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (stating that the *Strickland* standard is applicable when challenging convictions

---

[9] Enow asserts that a guilty plea does not foreclose the right to seek federal habeas relief by a person in custody under wiretapping and electronic surveillance statutes, relying on *Langella v. Commissioner of Corrections*, 545 F.2d 818 (2d Cir. 1976), and *United States v. Giordano*, 416 U.S. 505 (1974). *See* Supp. 14. Neither case supports this proposition. In *Langella*, the United States Court of Appeals for the Second Circuit affirmed a district court ruling that a defendant's guilty plea to a charge of criminal contempt for refusing to answer a grand jury's questions did not preclude the defendant from claiming the questions were derived from illegal electronic surveillance. 545 F.2d at 822-23. In *Giordano*, the Supreme Court ruled that a statutory provision delegating authority to the Attorney General or a designee of the Attorney General to authorize wire intercepts did not extend to the Attorney General's Executive Assistant, and derivative evidence from a wiretap authorized by the Executive Assistant was inadmissible. 416 U.S. at 523. Enow's reliance is misplaced.

based on guilty pleas). The principles governing ineffective assistance claims apply in federal collateral proceedings as they do on direct appeal or in a motion for new trial. *Strickland*, 466 U.S. at 697. Indeed, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment. *Id.*

To satisfy the first part of this standard, it must be demonstrated that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases." *Id.* at 687. The standard for assessing such competence is "highly deferential" and has a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 669. A federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. A petitioner must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 at 689). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

The second prong requires the court to consider whether counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable and that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 690-94. In order to satisfy Strickland's prejudice prong in the context of a guilty plea, the defendant must show that there is a reasonable probability that,

but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Of course, it is not enough for a petitioner to summarily assert that but for counsel's errors, he would not have pled guilty; rather, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Enow faults his plea counsel for failing to investigate his case and inform him of the elements of solicitation. Pet. 23.[10] Enow presented these claims in his Petition for Post-Conviction Relief,[11] and they were rejected by the Circuit Court for Montgomery County which stated:

> [A]fter reviewing the record, including all filings and exhibits, the Court finds that plea counsel accurately relayed to Petitioner the State's plea offer, explained the various benefits and potential risks of each of Petitioner's various options, and recommended Petitioner accept the state's plea offer which included the benefit to Petitioner of removing the potential of Petitioner receiving a life sentence. Further the Court finds that Petitioner fully understood the State's plea offer, as stated in open court on January 9, 2015, when he entered the guilty plea pursuant to the plea offer and plea agreement.

State Ct. Docs. 3-4, ECF No. 1-2 in *Enow Habeas II*.

The Post-Conviction Court also concluded, after reviewing correspondence between Enow and plea counsel, that his attorneys were "in regular correspondence with [Enow], and that plea counsel was highly diligent, communicative, and effective." *Id.* at 4; *see also* Correspondence,

---

[10] Enow also faults his plea attorney for "financial interests of counsel," lack of defenses, failure to file a motion to dismiss the charges against him, failure to advocate for a lesser sentence or punishment, "inducement," misrepresentation of facts, coercion, and failure to file motions to suppress, preliminary hearing and competency hearing. Pet. 23. Apart from summarily presenting these assertions in a laundry list fashion, Enow provides no further explanation to warrant habeas relief.

[11] Enow was initially represented during post-conviction proceedings by Norman Handwerger, Esq., an Assistant Public Defender in the Collateral Review Unit, who entered his appearance on March 17, 2017. On June 21, 2016, the Court granted Enow's Motion to discharge his counsel and proceed *pro se*. State Ct. Docs. 3, ECF No. 1-2 in *Enow Habeas II*; State Ct. Docket 18.

ECF Nos. 6-11, 6-13 in *Enow Habeas I*; State Ct. Docs. 21-23, 25-26, 29-32, ECF No. 1-3 in *Enow Habeas II*.[12] The Circuit Court determined that "plea counsel conducted a thorough investigation into the State's allegations and potential defenses thereto, including consulting with an expert to determine whether or not [Enow] could attempt to assert a defense of not criminally responsible."[13] State Ct. Docs. 4, ECF No. 1-2 in *Enow Habeas II*.

The Circuit Court determined that "plea counsel had considered various possible defenses, including raising the defense of entrapment, before ultimately concluding such defenses were unlikely to prevail." *Id.* And, "this legal determination was supported by the affidavit of David Martella, Esq.,"[14] which Enow introduced as Petitioner's Exhibit No. 2 at the post-conviction hearing. *Id.* The Circuit Court found that "plea counsel were thorough, careful, and correct in evaluating Petitioner's possible defenses to the State's allegations." *Id.* at 4-5.

The Circuit Court found the evidence showed that "plea counsel made extensive efforts to secure the best possible outcome for [Enow]." *Id.* at 5. Their efforts included "email correspondence entered into evidence at the post-conviction hearing by [Enow], which reflect[ed] plea counsel's attempts to convince the State to reduce the amount of executed incarceration." *Id.*

Enow faced overwhelming evidence against him, including audio and video recordings, his admissions to police after his arrest, and was facing a possible maximum life sentence. Had

---

[12] The Statement of Reasons does not specify the correspondence placed in evidence. The letters Enow has submitted for the record here, however, substantiate the Circuit Court's determination regarding counsel's investigation and strategic determinations.

[13] Enow's attachments show his counsel retained Dr. Neil Blumberg to conduct a mental health evaluation. State Ct. Docs., ECF No. 1-3 in *Enow Habeas II*.

[14] The Statement of Reasons does not further identify David Martella, nor is a copy of his affidavit in the record. It is likely Martella was consulted by pleas counsel regarding possible defenses.

he proceeded to trial, Enow risked receiving a much longer sentence. Counsels' decision to recommend and negotiate a plea agreement capped at an executed twenty years indicates active and competent advocacy and belies suggestion of incompetence or prejudice necessary to satisfy the *Stickland* standard. The Post-Conviction Court's decision was not "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). It is entitled to deference, and this claim provides no cause for habeas relief.

Certificate of Appealability

A certificate of appealability may issue if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court has considered the record and finds that Enow has not made the requisite showing. Enow may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## **CONCLUSION**

For these reasons, the Court will DENY the Petition with prejudice and DECLINE to issue a Certificate of Appealability. A separate Order follows.

July 23, 2018           /S/
Date           Paul W. Grimm
         United States District Judge